UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON, | CASE NO. 2:23-mc-00092-LK |
| Plaintiff, | ORDER OF DISMISSAL |
| v. | |
| ADAM EDWARD STEINKE et al., | |
| Defendants. | |

    This matter comes before the Court on pro se party Joseph Stanley Pigott's Motion for Leave to Proceed in Forma Pauperis ("IFP"), Dkt. No. 1, and his pleading entitled "King Abdul Mumin El's Joint Notice of Removal from State Court," Dkt. No. 1-1. Mr. Pigott, who identifies himself as King Abdul Mumin El, lists himself and Adam Edward Steinke as Defendants and the State of Washington as Plaintiff. *Id.* at 1.

    Mr. Pigott seeks to remove his and Mr. Steinke's pending state court criminal cases to this Court. *Id.* at 2–3; *see also id.* at 40–43 (Information regarding Mr. Steinke in *State v. Steinke*, No. 23-1-00472-4SEA (King Cnty. Sup. Ct. 2023), charging Mr. Steinke with two counts of Assault in the Second Degree, Felony Hit and Run, Attempting to Elude a Pursuing Police Vehicle, and

Driving While Under the Influence); *id.* at 54–55 (Information regarding Mr. Pigott in *State v. Pigott*, No. 21-1-03258-6KNT (King Cnty. Sup. Ct. 2021), charging Mr. Pigott with one count of Intimidating a Judge). Mr. Pigott seeks to remove these state criminal proceedings based on lack of service, improper venue, and various other issues. *Id.* at 2–3. Mr. Pigott contends he was "Booked & Charged for something that [he] didn't do and is suffering because of the Unethical Treatment of the Kent Judicial system." *Id.* at 8. Mr. Pigott alleges that the State is wrongfully prosecuting him even though he is immune as the King of the Moors, the state courts lack jurisdiction over the Moors, and he has a conflict of interest with defense counsel—a "Chippewa Native American" whose ancestors were "at war" with Mr. Pigott's "Ancestors the Moor[s.]" *Id.* at 7–8. He attaches documents captioned in his criminal proceedings including a summons, a *qui tam* class action complaint, and a "notice of class action & reparations for all Moors," which he identifies as an application to the City of Seattle for reparations for high treason and identity theft of Moors. *Id.* at 12–28.

"The right to remove a criminal case is limited, and the procedure for removal is exacting." *W. Columbia Dist. v. Washington*, No. C23-5894-BHS, 2023 WL 6541307, at *3 (W.D. Wash. Oct. 6, 2023). Removal is "a privilege granted by Congress," and as such, strict compliance with the statutory grounds for removal is required. *Id.*

Mr. Pigott has not complied with the statutory requirements. He has not filed the required "copy of all process, pleadings, and orders" served upon him or Mr. Steinke in their state criminal prosecutions. 28 U.S.C. § 1455(a). Nor has he filed a timely notice of removal. "A notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court . . . except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time." *Id.* § 1455(b)(1). As reflected in the state court docket, Mr. Pigott was arraigned on March 6, 2023. *State v. Pigott*, No.

ORDER OF DISMISSAL - 2

21-1-03258-6KNT, Dkt. No. 24 (King Cnty. Sup. Ct. Mar. 6, 2023) (Minutes Arraignment Hearing). Mr. Steinke was arraigned on April 12, 2023. *State v. Steinke*, No. 23-1-00472-4SEA, Dkt. No. 17 (King Cnty. Sup. Ct. Apr. 12, 2023) (Minutes Arraignment Hearing). Mr. Pigott filed his Notice of Removal on December 15, 2023, long after the 30-day deadline passed. Dkt. No. 1; *see, e.g.*, *Haw. v. Thronas-Kahoonei*, No. 19-00683-JAO-KJM, 2020 WL 118251, at *2 (D. Haw. Jan. 10, 2020) (remanding untimely removed criminal case).

The Court does not find good cause to allow Mr. Pigott to file his Notice of Removal late. Mr. Pigott provides no justification for the late filing. And he has not shown that he is authorized to remove either case. Although Mr. Pigott seeks to remove Mr. Steinke's criminal case, Mr. Steinke did not sign the Notice of Removal or file his own notice. While a non-attorney may appear pro se on his own behalf, Mr. Pigott "has no authority to appear as an attorney for others than himself." *Johns v. Cnty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) (quoting *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987)); *see also Georgia v. Adams*, No. 2:23-mc-00001-RSL, 2023 U.S. Dist. LEXIS 5495, at *1 (W.D. Wash. Jan. 9, 2023) (holding that Mr. Pigott could not represent another criminal defendant).[1] Mr. Pigott cannot represent Mr. Steinke or seek relief on his behalf in this case.

Mr. Pigott has not shown that he is entitled to remove his own case either. Only three statutes allow a party to remove criminal actions to federal court: 28 U.S.C. §§ 1442, 1442a, and 1443. *W. Columbia Dist.*, 2023 WL 6541307, at *3. Sections 1442 and 1442a only apply to federal officers or agencies, or members of the armed forces, respectively; Mr. Pigott does not claim to be

---

[1] Mr. Pigott contends that the Court has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d). Dkt. No. 1-1 at 3. However, he has not shown that that civil statute is applicable to these criminal matters or that any of the statute's requirements are met. *See, e.g.*, *Moe v. GEICO Indem. Co.*, 73 F.4th 757, 761 (9th Cir. 2023) (setting forth requirements).

ORDER OF DISMISSAL - 3

a member of either group. To remove a state criminal prosecution under § 1443(1), a two-part test applies:

> First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights. Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights.

*Patel v. Del Taco, Inc.*, 446 F.3d 996, 998–99 (9th Cir. 2006) (internal citation and quotations omitted), *abrogated on other grounds by BP P.L.C. v. Mayor & City Council of Baltimore*, 593 U.S. 230 (2021). Mr. Pigott has not identified an explicit statute protecting his civil rights or shown that the state court will not enforce that right. Section 1443(1) is therefore inapplicable.

Section 1443(2) authorizes removal "[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." This provision "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824 (1966). Mr. Pigott claims to be a "Private U.S. Attorney General," but he has not shown that he is authorized to act on behalf of federal officers or agents. Dkt. No. 1-1 at 11. Section 1443(2) is thus inapplicable, and removal is not authorized.

Finally, although Mr. Pigott filed notices of removal in both criminal cases, it does not appear that the cases have actually been removed. The Court thus construes Mr. Pigott's notice as a motion seeking permission to remove, and that request is denied. *United States v. Raquino*, No. 23-00231-JMS-WRP, 2023 WL 3791638, at *1 (D. Haw. June 2, 2023). But if the state courts considers the cases removed, both cases are remanded under 28 U.S.C. § 1455(b)(4). *See id.* at *1 n.2 (noting that it was unclear whether removal had been effected and if it had, "the court would summarily remand the action under 28 U.S.C. § 1455(b)(4)").

ORDER OF DISMISSAL - 4

Accordingly, the Court ORDERS:

1) This action is DISMISSED with prejudice;

2) The motion to proceed *in forma pauperis*, Dkt. No. 1, is STRICKEN as moot;

3) The Clerk of the Court shall mail a certified copy of this Order to the Clerk of the Court for the Superior Court for King County, Washington and provide a copy of this order to Mr. Pigott.

Dated this 5th day of January, 2024.

Lauren King
United States District Judge

ORDER OF DISMISSAL - 5